IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CELLDEX RESEARCH CORPORATION
222 Cameron Drive, Suite 400
Phillipsburg, NJ 08865

    Plaintiff,

v.

HON. DAVID KAPPOS,
    Under Secretary of Commerce for
    Intellectual Property and Director of the
    United States Patent and Trademark Office
    Office of General Counsel
    United States Patent and Trademark Office
    Madison Building East, Rm. 10B20
    600 Dulany Street
    Alexandria, VA 22314

    Defendant.

Civil Action No.: _____

## COMPLAINT

Plaintiff Celldex Research Corporation ("Celldex"), for its complaint against the Honorable David Kappos, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee, Celldex, of United States Patent No. 7,563,876 (hereinafter "the '876 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '876 patent be changed from 613 days to 1170 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Celldex (formerly named Celldex Therapeutics, Inc.) is a corporation organized under the laws of Delaware, having a place of business at 222 Cameron Drive, Suite 400, Phillipsburg, NJ 08865.

4. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending the performance of all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district court by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8. Yashwant M. Deo, Tibor Keler and John Treml are inventors of patent application number 09/851,614 (hereinafter "the '614 application") which issued as the '876 patent, entitled Human Monoclonal Antibodies To Dendritic Cells, on July 21, 2009. The '876 patent is attached hereto as Exhibit A.

9. Celldex is the assignee of the '876 patent, as evidenced by the records in the PTO, and is the real party in interest in this case.

10. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency."

11. In calculating the patent term adjustment, the Director has to take into account PTO delays under 35 U.S.C. §§ 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12. On April 17, 2008, the PTO issued a Notice of Allowance and Determination of Patent Term Adjustment Under 35 U.S.C. § 154(b) indicating that the '876 patent would be entitled to 437 days of patent term adjustment.

13. On June 26, 2008, Celldex timely filed a Request for Review of Patent Term Adjustment ("Request for Review"). In the Request for Review, Celldex indicated that the PTO "may have miscalculated the patent term adjustment" and extended the term of the patent "by too many days."[1]

14. On June 15, 2009, the PTO issued a Letter Regarding PTA ("Letter") acknowledging that there were several errors in the PTO's original patent term adjustment calculation and stating that the "correct Patent Term Adjustment ("PTA") at the time of the allowance is 345 days."

---

[1] Plaintiff's Request for Review was filed prior to September 2008 and, as such, was not based upon the reasoning set forth in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008).

-- 3 --

15. On July 21, 2009, the '876 patent issued with a patent term adjustment of 613 days listed on the face of the patent (*See* Ex. A at 1).

16. On August 28, 2009, Celldex timely filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. §§ 1.705(b) and (d) (hereinafter "the Request for Reconsideration") for the '876 patent, requesting that it be granted a corrected final patent term adjustment of 1170 days based upon Celldex's calculation of delay under 35 U.S.C. §§ 1.54(b)(1)(A) and (B). The Request for Reconsideration has not been granted and is still pending before the PTO.

17. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

18. This action against the Director is timely filed within the 180 day period after grant of the patent, under 35 U.S.C. § 1.54(b)(4)(A).

## CLAIM FOR RELIEF

19. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

20. The patent term adjustment for the '876 patent, as determined by the Director under 35 U.S.C. § 154(B) and listed on the face of the '876 patent, is 613 days (*See* Ex. A at 1).

21. The Director's determination of the 613-day patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the delay in

issuance of the '876 patent beyond three years after the actual filing date of the application for the patent. The correct patent term adjustment for the '876 patent is at least 1170 days.

22. The '614 application was filed on May 8, 2001, and the '876 patent was issued on July 21, 2009.

23. Celldex is entitled to an adjustment of the term of the '876 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 1005 days, which is the number of days attributable to PTO examination delay during prosecution of the '614 application (the "A Delay"). Specifically, 737 days of the A Delay accrued as a result of the failure of PTO to mail an action under 35 U.S.C. § 132 within 14 months of the actual filing date. Additionally, 268 days of the A Delay accrued as a result of the failure of PTO to issue a patent not later than four months after the date on which the issue fee was paid. The total sum of the A Delay is 1005 days (*i.e.*, 737 + 268 = 1005).

24. Celldex is also entitled to an additional adjustment of the term of the '876 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 624 days, which is the number of days by which the issuance of the '876 patent was delayed beyond three years from the actual filing date of the '614 application (the "B Delay"). The 624-day B Delay excludes the period beginning on the date that Celldex filed a Request for Continued Examination (January 23, 2006) and ending on the date the patent issued (July 21, 2009), *i.e.*, 1276 days.

25. Section 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the

issuance of the patent was delayed." For the '876 patent, 67 days of the A Delay overlapped with the period of the B Delay.

26. The total period of PTO delay was 1562 days, which is the sum of the A Delay (1005 days) and the B Delay (624 days), as shown in the chart attached hereto as Exhibit B, less the period of overlap between the A Delay and the B Delay (67 days).

27. The '876 patent is not subject to a disclaimer of term. Therefore, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

28. The total period of PTO delay is reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay, which the Director calculated for the '876 patent as 392 days.

29. Accordingly, the correct patent term adjustment to which the plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is 1170 days, which is the total period of PTO delay (737 days + 624 days + 268 days - 67 days = 1562 days), less the period attributable to applicant delay (1562 days - 392 days = 1170 days).

30. The Director erred in the determination of patent term adjustment for the '876 patent by erroneously treating the entire period of the B Delay as overlapping with the A Delay, and crediting only the greater of the two delays, instead of correctly crediting the sum of both the A and B delays. Thus, the Director incorrectly calculated a patent term adjustment for the '876 patent as 613 days (1005 days - 392 days = 613 days). By this erroneous calculation, the Director has deprived the plaintiff of the full patent term adjustment to which it is entitled (calculated above as 1170 days).

31. In its opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction and application of the provisions of 35 U.S.C.

§ 154(b) for determining patent term adjustment. In accordance with this Court's decision in *Wyeth*, the patent term adjustment for the '876 patent is properly determined to be 1170 days, as set forth above.

32. The Director's allowance of only 613 days of patent term adjustment for the '876 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '876 patent term from 613 days to 1170 days, and requiring the Director to alter the term of the '876 patent to reflect the 1170 day patent term adjustment.

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully Submitted,

/s/ Deborah M. Shelton
Deborah M. Shelton (D.C. Bar No. 464487)
Christopher M. Loveland (D.C. Bar No. 473969)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
Phone: (202) 218-0000
Facsimile: (202) 218-0020

Dated: January 8, 2010          *Counsel for Celldex Research Corporation*

Of Counsel
William A. Scofield, Jr.
LAHIVE & COCKFIELD LLP
One Post Office Square
Boston, MA 02109
Phone: (617) 994-0755
Facsimile: (617) 742-4214